Christopher J. King
WSB# 7-4532
PO Box 552
Worland, WY 82401
(307) 347-9801 p
(307) 333-0285 f
chris@wyoattorney.com

### IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT
### PARK COUNTY, STATE OF WYOMING

| | |
|---|---|
| DENNIS JOY | |
| Plaintiff, | Civil Action No. **29789** |
| -v- | |
| PETER J. YOUNG and DOES 1 through 100, inclusive, | |
| Defendants. | |

## SUMMONS

To the above named Defendant: **Pete Young**
**Cantafio Law, P.C.**
**1875 Lawrence Ste. 730**
**Denver, CO 80202**

YOU ARE HEREBY SUMMONED and required to file with the Clerk and serve upon Plaintiff's attorney an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. (If service upon you is made outside of the State of Wyoming, you are required to file and serve your answer to the Petition within 30 days after service of this Summons upon you, exclusive of the day of service). If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

DATED this ___ day of May, 2020.

(Seal of District Court)

PATRA LINDENTHAL
_____
Clerk of Court

By: _____
Deputy Clerk

Apex Legal, P.C.
_____
Christopher J. King
WSB 7-4532

Christopher J. King
WSB# 7-4532
PO Box 552
Worland, WY 82401
(307) 347-9801 p
(307) 333-0285 f
chris@wyoattorney.com

PATRA LINDENTHAL
Clerk of District Court

FILED MAY 0 6 2020
by____DEBRA CARROLL
                    Deputy

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT
PARK COUNTY, STATE OF WYOMING

DENNIS JOY,

Plaintiff,

-v-

PETER J. YOUNG and DOES 1
through 100, inclusive,

Defendants.

Civil Action No. 29789

## COMPLAINT

COMES NOW the Plaintiff herein, Dennis Joy, by and with his attorney, Christopher J. King and for his *Complaint* states and alleges as follows:

1. The Plaintiff is a resident of Park County, State of Wyoming and has been for several years last past.

2. The Defendant is a Wyoming licensed attorney. The Defendant has been employed by several law firms during the course of his representation of the Plaintiff. The Defendant is currently a resident of Broomfield, Colorado.

3. Does 1 – 100 are currently named herein as the employment arrangement between Peter J. Young and his previous law firms and

between Peter J. Young and previous attorneys at said law firms are unknown. However, it is believed that Peter J. Young was at all times acting within his employment capacity with each potential law firm. The law firms that the Defendant worked at were Swartz, Bonn, Walker and Studer, P.C.; Cantafio Hammond, P.C. in Denver, Co., White and Steele in Denver, Colorado

4. In addition, Plaintiff is ignorant of the true names and capacity of the Defendants sued herein as Does 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 100, inclusive, when Plaintiff ascertains the identity of such Defendants. Plaintiff is informed and believes, and thereon alleges, that each of these Defendants is responsible in some manner for the acts and omissions of Peter J. Young which damaged Plaintiff, and that Plaintiff's damages as alleged herein were proximately caused by their actions or omissions.

5. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, each of the Defendants, and Does 1 through 100, and each of them, were the agents and/or employees of each of the remaining Defendants, and in doing the things herein alleged, were acting within the course and scope of said agency and/or employment, in that the actions of each of the Defendants as herein alleged were authorized, approved, and/or ratified by each of the other Defendants as principals and/or employers.

## FIRST CAUSE OF ACTION
(Legal Malpractice against Peter J. Young)

6. Plaintiff refers and incorporates herein the General Allegations stated in Paragraphs one (1) through five (5) alleged herein above, and make them a part hereof as though set forth at length.

7. Plaintiff was wrongfully terminated from his employment with Brandon Construction. The Defendant was engaged to represent the Plaintiff in the case against Brandon Construction which was a Wyoming Corporation. The termination occurred in January of 2009. The Plaintiff was significantly injured on a job site while performing work for Brandon Construction. The Plaintiff was sent to Pete Young by Mark Garrison the Plaintiff hired Peter J. Young to pursue a wrongful termination case. The hiring of Peter J. Young occurred fairly quickly after the termination. Peter J. Young did not pursue this case. In fact, he did not file the suit until December of 2017. Because of the delay in filing the suit there were numerous issues that occurred which made recovery impossible. Brandon Construction Company was sold along with all of its' assets. Brandon Construction, Inc., was dissolved in August of 2011. Because there was no insurance covering the wrongful termination and because there were no assets remaining there was no possibility of recovery. In addition, the owner of Brandon Construction, Inc., died. All of this occurred before Peter J. Young even filed the suit in this matter.

8. Plaintiff constantly spoke to Peter J. Young regarding the issues with Brandon Construction, Inc., and was assured by Peter J. Young that "there was another avenue" that he was pursuing. The Plaintiff attempted to continue to pursue the suit against Brandon Construction, Inc., but ultimately with no chance of recovery allowed for dismissal of the matter.

9. That during the time of the suit against Brandon Construction, Inc., the Plaintiff was able to employ an expert witness to determine the scope of damages due to the accident. The expert witness has set the damages at approximately $1,000,000.00. That if Peter J. Young had pursued the matter prior to the sale of the assets of Brandon Construction, Inc., prior to the dissolution of Brandon Construction, Inc., and prior to the death of the owner of Brandon Construction, Inc., then the Plaintiff would have had a chance at recovery.

10. That Peter J. Young put the estimate of damages at $200,000.00 and this was represented to the Plaintiff.

11. That Peter J. Young represented numerous times to the Plaintiff that because Brandon Construction, Inc., was "on notice" of a potential suit that they had to maintain insurance and assets sufficient to satisfy the damages. The Plaintiff learned that until the filing there had been little contact with Brandon Construction, Inc., and that all of the representations by Peter J. Young related to this matter were false.

12. That but for the false statements, delays and legal malpractice the Plaintiff would have had an opportunity at recovery and been able to pursue this claim. The Plaintiff has been damaged in an amount sufficient to confer jurisdiction upon this Court and be proven at trial.

## SECOND CAUSE OF ACTION
(Legal Malpractice against Peter J. Young)

13. Plaintiff refers and incorporates herein the General Allegations stated in Paragraphs one (1) through twelve (12) alleged herein above, and make them a part hereof as though set forth at length.

14. Plaintiff employed Peter J. Young in his divorce from his ex-wife, Gail Joy. That during the course of the employment for representation in the divorce the Plaintiff along with his attorney, Peter J. Young attended mediation.

15. That at the mediation, Dennis Joy represented to Peter J. Young that he would agree to payment of $25,000.00 to his ex-wife for full settlement of the divorce as long as Peter J. Young filed suit against his ex-wife for damages to the marital home that Dennis Joy was retaining in the divorce. The damages were estimated to be approximately $28,000.00 by Cory Joy out of Correctionville, IA who was a general contractor. This bill was presented to Peter J. Young prior to the mediation. Peter J. Young after being told what the Plaintiff would settle for went back into the mediation without the Plaintiff and settled the case for the payment of $25,000.00. Peter J. Young represented to the Plaintiff that he would be able to pursue the damages against his ex-wife. The Defendant never pursued these damages and did not inform the Plaintiff that this would not be a possibility due to the marital relationship and the resolution of the Divorce. The Plaintiff would not have agreed to payment of $25,000.00 without having the matter pursued as Peter J. Young indicated he would. The Plaintiff had purchased this house prior to the marriage. Peter J. Young did not employ any expert in this matter did not consult with the Plaintiff related to the home even when presented with all documentation to demonstrate value, payments etc... There was a complete lack of communication from Peter J. Young related to the divorce.

16. February 7th, 2018 was the date of the mediation. The Plaintiff did not even know the case was settled as this was not communicated to him.

The Plaintiff received a letter in July of 2018 indicating that he was being held in contempt of court due to not complying with the settlement terms that he was not aware Peter J. Young had settled on without his consent. In July of 2018 the Plaintiff also learned that he had missed two (2) court dates that the Defendant had not informed him of. The Plaintiff learned this information after consulting with Bobbi Overfield of Messenger and Overfield who is now a District Court Judge for the 5th Judicial District.

17. That but for the actions of Peter J. Young the Plaintiff would not have settled the case. The actions of the Defendant have caused damages to the Plaintiff in an amount sufficient to confer jurisdiction on this Court and to be proven at trial.

## THIRD CAUSE OF ACTION
(Legal Malpractice against Peter J. Young)

18. Plaintiff refers and incorporates herein the General Allegations stated in Paragraphs one (1) through seventeen (17) alleged herein above, and make them a part hereof as though set forth at length.

19. Plaintiff employed Peter J. Young to work on a Trust that was in dispute related to a schedule of properties listed and the individual executing the trust, Kevin Murray, out of Iowa was only addressing a farm.

20. The Plaintiff was needing guidance related to the properties and the Defendant was employed to assist the Plaintiff. The Defendant indicated that he was not licensed in the state of Iowa but he was able to secure counsel for the Plaintiff that would be working with the

Defendant to resolve the property issues with the trust. The Defendant told the Plaintiff that he needed a check for $2,500.00 to employ the attorney in Iowa. The Plaintiff provided the funds to the Defendant and the Defendant did not pursue the matter. In fact, the Defendant still had the check from the Plaintiff in his possession over a year later.

21. The attorney that was originally going to be employed in Iowa backed out more than a year after the money was originally give to Peter J. Young so then an additional attorney was going to be employed. The Defendant maintained that he was going to remain in charge of any litigation and he would be solely in contact with the Plaintiff. The attorney in Iowa would be retained to pursue any legwork in Iowa and attend any hearings at the direction of the Defendant.

22. A hearing occurred on the Trust Properties, Peter J. Young again, did not pursue this matter, did not have Counsel hired even though he had funds and thus did not have any representation for the Plaintiff at the hearing even though it had been represented that he would do this.

23. At the hearing the Trustee was present along with Kevin Murray. Peter J. Young had communicated with the Court that the trust should not be closed because of numerous unanswered questions and discrepancies. However, because he had not secured Counsel as he stated he would the Trust was closed and the Judge would not consider the arguments of an attorney not licensed in the State of Iowa.

24. After the hearing and the Judge's ruling for closing the Trust. The Plaintiff contacted an attorney in Sioux City, Iowa to review the trust. The attorney indicated that if he had been hired a year prior the accounting of the Trust would have been different and the properties would have been able to been found.

25. That as a beneficiary of the Trust, Dennis Joy due to the actions, inactions and omissions of Peter J. Young has lost out on the ability to realize the benefits of the unaccounted for properties. If Peter J. Young had pursued this matter as he indicated he was to the Plaintiff then the Plaintiff would not have incurred the damages. These damages include the paying of taxes that were not appropriate, attorneys' fees that the Plaintiff incurred due to the inactions of Peter J. Young along with several other categories of damages.

26. That the actions, inactions and omissions and legal malpractice of Peter J. Young are the sole cause for damages in this matter and the Plaintiff has been damaged in an amount sufficient to confer jurisdiction upon this Court and to be proven at trial.

## FOURTH CAUSE OF ACTION
(Legal Malpractice against Peter J. Young)

27. Plaintiff refers and incorporates herein the General Allegations stated in Paragraphs one (1) through twenty-six (26) alleged herein above, and make them a part hereof as though set forth at length.

28. That due to the problems with the Trust property and the incurrence of inappropriate Capital Gains the Plaintiff employed Peter J. Young to file an amended tax return.

29. That Peter J. Young represented to the Plaintiff numerous times that he had filed the amended tax return for the Plaintiff.

30. That more than a year later, after still having not received any of the money back from the IRS and after noting that his family members had all received their money, the Plaintiff again contacted Peter J. Young

related to the filing. Peter J. Young again told the Plaintiff that it was done and they were waiting on the IRS. The Plaintiff contacted a separate tax professional to find out how he could verify if the amended return was being processed. The individual who was contacted was Jennifer Prell. Upon learning the procedure for verifying filings with the IRS, the Plaintiff contacted the IRS directly and learned that Peter J. Young had been misrepresenting to him for more than a year, completed work. There was no filing with the IRS.

31. The Plaintiff employed another tax professional after Peter J. Young attempted to file when confronted by the Plaintiff. Peter J. Young's filings with the IRS were incorrect and rejected and as such another professional had to be employed and after this was done the Plaintiff received his money in approximately five (5) weeks.

32. That Peter J. Young was billing and receiving money this entire time.

33. That the Plaintiff has been damaged in an amount sufficient to confer jurisdiction upon this Court and to be proven at trial.

## FIFTH CAUSE OF ACTION
(Legal Malpractice against Peter J. Young)

34. Plaintiff refers and incorporates herein the General Allegations stated in Paragraphs one (1) through thirty-four (34) alleged herein above, and make them a part hereof as though set forth at length.

35. Over the course of the past ten (10) years the Plaintiff has had an attorney-client relationship with the Defendant. This has included

several additional requests by the Plaintiff for the Defendant to handle legal work. Some of the additional requests have included:

   a. Irrigation District Complaint;
   b. Interference with Irrigation Ditches;
   c. Stating that the Defendant was filing to have an individual arrested;
   d. Subdivision issues;

36. That the Plaintiff has paid a large sum of money to the Defendant over the course of several years and received little to no results and zero favorable results which is in contradiction to what has been represented by Peter J. Young to the Plaintiff.

37. That the Plaintiff has been damaged in an amount sufficient to confer jurisdiction upon this Court and to be proven at trial.

## FIFTH CAUSE OF ACTION
(Fraud against Peter J. Young)

38. Plaintiff refers and incorporates herein the Allegations stated in Paragraphs one (1) through thirty-seven (37) alleged herein above, and make them a part hereof as though set forth at length.

39. That Peter J. Young owed a duty to act in the best interests of the Plaintiff. That Peter J. Young further owed a duty of diligence and honesty towards the Plaintiff.

40. That Peter J. Young has made countless fraudulent statements to the Plaintiff. These include but are not limited to:

   a. Stating that he had filed complaints and pleadings on behalf of the Plaintiff but had failed to do so.
   b. Stating that he had ensured that there would be funds available for the Plaintiff to be awarded.
   c. Stating that all legal matters were being pursued with diligence.
   d. Stating that he was performing the work requested and being billed for.

  e. Misstating the law to the Plaintiff to have the Plaintiff perform certain actions (such as settling a case upon advice when the settlement was based on misstatements of law from Peter J. Young).

  f. Stating that he had hired the appropriate individuals to perform work for the Plaintiff but then failing to hire the individuals.

41. That these statements were performed with an intent that the Plaintiff would take specific action. These actions include but are not limited to the following:

  a. Not filing a bar complaint;

  b. For Peter J. Young to continue to be able to bill the Plaintiff and have the Plaintiff pay the bill;

  c. For the Plaintiff to continue to use Peter J. Young as an attorney.

42. That these statements did in fact induce action.

43. That the Plaintiff has paid a large sum of money to the Defendant over the course of several years and received little to no results and zero favorable results which is in contradiction to what has been represented by Peter J. Young to the Plaintiff.

44. That the Plaintiff has been damaged in an amount sufficient to confer jurisdiction upon this Court and to be proven at trial.

### SIXTH CAUSE OF ACTION

(Breach of Fiduciary Duty against Peter J. Young)

45. Plaintiff refers and incorporates herein the Allegations stated in Paragraphs one (1) through forty-four (44) alleged herein above, and make them a part hereof as though set forth at length.

46. At all times relevant to this litigation Peter J. Young owed a fiduciary duty to the Plaintiff. This duty included but is not limited to acting at all times in the best interests of the Plaintiff or as the Plaintiff has directed. To be honest with the Plaintiff at all times. To inform the Plaintiff of applicable law. To be honest in the billing to the Plaintiff and to be honest in status updates and actions taken on behalf of the Plaintiff.

47. That Peter J. Young recklessly, negligently and knowingly breached that duty on more than one occasions and such breaches were the actual and proximate cause of harm to the Plaintiff.

48. That the Plaintiff has been damaged in an amount sufficient to confer jurisdiction upon this Court and to be proven at trial.

## SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

49. Plaintiff refers and incorporates herein the Allegations stated in Paragraphs one (1) through forty-four (44) alleged herein above, and make them a part hereof as though set forth at length.

50. At all times relevant to this litigation, Peter J. Young owed a duty to the Plaintiff to not unfairly or unduly take advantage of the Plaintiff or commit wrongful acts in order to unjustly enrich himself at Peter J. Young's expense or at the expense of the Plaintiff's property or financial interests.

51. During all times set forth herein Peter J. Young unjustly enriched himself by taking money from the Plaintiff paid for services and not performing the services.

52. Such acts and omissions leading to the unjust enrichment of Peter J. Young and these acts and omissions are the actual and proximate cause of harm to the Plaintiff.

53. That the Plaintiff has paid a large sum of money to the Defendant over the course of several years and received little to no results and zero favorable results which is in contradiction to what has been represented by Peter J. Young to the Plaintiff.

54. That the Plaintiff has been damaged in an amount sufficient to confer jurisdiction upon this Court and to be proven at trial.

## EIGHTH CAUSE OF ACTION
(Breach of Contract and Covenant of Good Faith and Fair Dealing)

55. Plaintiff refers and incorporates herein the Allegations stated in Paragraphs one (1) through fifty-four (54) alleged herein above, and make them a part hereof as though set forth at length.

56. At all times relevant to this litigation Peter J. Young was in a contractual relationship with the Plaintiff and owed a duty to the Plaintiff to act in good faith and deal fairly with him.

57. Peter J. Young breached that duty on more than one occasion by failing to act in good faith and deal fairly with the Plaintiff. In addition, Peter J. Young took large amounts of money from the Plaintiff with the idea that he was actually representing the Plaintiff and his interests.

58. Such acts and omissions lead to the breach of the duty to deal in good faith and fairly with the Plaintiff and such acts and omissions were the actual and proximate cause of harm to the Plaintiff and the Plaintiff has been damaged in an amount sufficient to confer jurisdiction upon this Court and be proven at trial.

## NINTH CAUSE OF ACTION

### (Punitive Damages)

59. Plaintiff refers and incorporates herein the Allegations stated in Paragraphs one (1) through fifty-eight (58) alleged herein above, and make them a part hereof as though set forth at length.

60. At all times relevant herein Peter J. Young owed a duty to act with due care and regard for the Plaintiff's rights, interests, financial interests, legal interests and to act in these best interests and at the direction of the Plaintiff.

61. Peter J. Young breached that duty on more than one occasion and such breaches constitute outrageous conduct and reckless disregard of the duties owed by an attorney to his client.

62. That Peter J. Young's outrageous conduct towards the Plaintiff was done with reckless indifference as to the rights of the Plaintiff

63. That Peter J. Young's outrageous conduct towards the Plaintiff makes him liable for punitive damages with the exact amount to be determined at trial.

WHEREFORE the Plaintiff prays as follows:

1. For judgment entered in favor of the Plaintiff and against Peter J. Young and the unnamed Defendant's herein.
2. That judgment be entered in favor of the Plaintiff and against Peter J. Young and the unnamed Defendant's herein for counts one (1) through eight (8).
3. That punitive damages be awarded against Peter J. Young.
4. That the Plaintiff be awarded both pre and post judgment interest according to law.

5. That the Plaintiff be awarded all of his attorney's fees herein for the fraudulent conduct of Peter J. Young.
6. For such other and further relief as the Court deems meet and proper in the premises.

SIGNATURE PAGE FOLLOWS

DATED this 15th day of February, 2020

                                                                  APEX Legal, P.C.

                                                                  _____

                                                                  Christopher J. King
                                                                  WSB 7-4532